**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVIN COPPEDGE, MAX THERIAULT, and ESTEBAN CUESTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE ATHLETIC MEDIA COMPANY and THE NEW YORK TIMES MEDIA COMPANY,<br><br>Defendants. | Case No. 1:24-cv-12312-JEK |

**MOTION TO STAY PROCEEDINGS PENDING ARBITRATION**

Plaintiffs Davin Coppedge, Max Theriault, and Esteban Cuesta (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move to stay the above-captioned action pending arbitration in accordance with Defendants' request to compel arbitration. ECF No. 30.

Plaintiffs' basis for this motion is as follows:

1. Plaintiffs filed their Complaint and served Defendants The New York Times Media Company and the Athletic Media Company ("Defendants" and, together with Plaintiffs, the "Parties") on September 13, 2024 (ECF No. 12).

2. Thereafter, Defendants requested several extensions to respond to Plaintiffs' Complaint, which the Court granted.

3. On December 3, 2024, the Parties jointly moved to stay all case deadlines pending mediation. ECF No. 21. The mediation did not occur and the stay was lifted. ECF No. 24

4. Now, Defendants move the Court to compel arbitration. ECF No. 30 ("Motion to Compel"). Plaintiffs take no position on the sufficiency of Defendants' Motion to Compel arguments and reserve their right to challenge such arguments at a later time.

5. To promote efficiency in resolving Plaintiffs' claims, and in lieu of opposing Defendants' Motion to Compel, Plaintiffs agree to bring their claims in arbitration while reserving all rights to maintain this class action.

6. Requests for stays pending arbitration are routinely granted and, in many instances, favored.

7. A stay would be particularly appropriate here, where one of the agreements upon which Defendants relied expressly contemplates returning to Court after certain conditions are met. *See* ECF No. 31.

8. The Federal Arbitration Act ("FAA") establishes procedures for enforcing arbitration agreements in federal court. Under Section 3 of the Act, when a Court finds a dispute may be subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has concluded. 9 U.S.C., §3. Section 3 of the FAA imposes a strict mandate on district courts: "without exception," "whenever suit is brought on an arbitrable claim, the [c]ourt 'shall' upon application stay the litigation until arbitration has been concluded." *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) (quoting 9 U.S.C. 3); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("[t]he plain language specifies that the court 'shall' stay proceedings pending arbitration," and nothing in the FAA "abrogate[s] this directive or render[s] it discretionary").

9. The Supreme Court has confirmed that the "plain statutory text [of the FAA] requires a court to stay the proceeding," at the request of a party, on issues which may be subject to an arbitration agreement. *Smith v. Spizzirri,* 601 U.S. 472, 476 (2024). The Court has further found that "staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. The FAA provides mechanisms for courts with proper jurisdiction to

assist parties in arbitration[.] . . . Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections." *Smith*, 601 U.S. at 478; *see also McCabe v. Ford Motor Co.*, 2025 WL 951253 (D. Mass. Mar. 28, 2025) (staying litigation pending arbitration).

For the reasons set forth above, and in light of Defendants' Motion to Compel, Plaintiffs respectfully request that the Court enter an order staying this action for all purposes pending resolution in arbitration or failed arbitration and return to the Court.

Dated: June 6, 2025

Respectfully submitted,

DAVID COPPEDGE, MAX THERIAULT, ESTEBAN CUESTA, and THE PROPOSED CLASS

By their attorneys,

*/s/ Michael P. Canty*

Michael P. Canty (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Guillaume Buell (BBO #676566)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
cvillegas@labaton.com
gbuell@labaton.com
dizzo@labaton.com
gmedina@labaton.com

Yitzchak Kopel (BBO #716245)
Max S. Roberts (*pro hac vice*)
Victoria X. Zhou (*pro hac vice* forthcoming)
**BURSOR & FISHER, P.A.**

1330 Avenue of the Americas, Floor 32
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
mroberts@bursor.com
vzhou@bursor.com

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that on May 16, 2025, Plaintiffs contacted Defendants by email to convey Plaintiffs' position regarding this motion. On June 6, 2025 Plaintiffs conferred with Defense counsel over a phone call. Defendants followed that call with an email conveying their position as follows: *Consistent with the relief sought in their Motion to Compel Arbitration, Defendants do not oppose a stay pending arbitration, and request that the court enter an order staying the case pending arbitration pursuant to agreement of the parties.*

Dated: June 6, 2025

*/s/Michael P. Canty*

**CERTIFICATE OF SERVICE**

I certify that, on June 6, 2025, I caused a true copy of the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

Dated: June 6, 2025

*/s/Michael P. Canty*